Case: 1:23-cv-00516-MWM Doc #: 3 Filed: 08/15/23 Page: 1 of 13 PAGEID #: 48

FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURT
07/12/2023 11:20 A
CV 2023 07 1380

COURT OF COMMON PLEAS
CIVIL DIVISION
BUTLER COUNTY, OHIO

| | |
|---|---|
| **LARRY STAPLETON**<br>1975 Hummingbird Circle<br>Middletown, Ohio 45044,<br><br>    **Plaintiff,**<br><br>-vs.-<br><br>**WAL-MART STORES EAST, INC.**<br>2900 Towne Boulevard<br>Middletown, OH 45044<br>Please Serve:<br>Wal-Mart Stores East, Inc.<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>**AND**<br><br>**OHIO DEPARTMENT OF MEDICAID**<br>Attn: Robert J. Byrne<br>30 East Broad Street, 14th Floor<br>Columbus, Ohio 43215<br><br>**AND**<br><br>**HUMANA HEALTH PLAN, INC.**<br>9300 Shelbyville Road, Suite 700<br>Louisville, KY 40222<br>Serve:<br>Corporation Service Company<br>50 West Broad Street<br>Suite 1330<br>Columbus, Ohio 43215<br><br>**AND**<br><br>**MOLINA HEALTHCARE OF OHIO, INC.**<br>8101 North High Street, Suite 180<br>Columbus, Ohio 43235,<br>    **Defendants.** | Case No.: _____<br><br><br><br><br><br><br><br>## COMPLAINT |

Now Comes Plaintiff, Larry Stapleton, by and through undersigned counsel, and for his Complaint against the named Defendants states the following:

## I. THE PARTIES

1.  Plaintiff, Larry Stapleton, resides at 1975 Hummingbird Circle, in Middletown, Butler County, Ohio 45044, and has so resided at all relevant times herein.

2.  Defendant, Wal-Mart Stores East, Inc., is an Arkansas corporation, which is engaged in the business, *inter alia.*, of owning, managing, and operating large retail grocery and home goods stores at brick-and-mortar locations, such as the Wal-Mart Supercenter located at 2900 Towne Boulevard in Middletown, Butler County, Ohio 45044, and is engaged in online sales of goods through its website.

3.  Defendant, Ohio Department of Medicaid, (hereinafter, "Medicaid") is the state agency, which administers the Medicaid program to Medicaid recipients in the state of Ohio. Defendant, Medicaid, has provided and/or will provide health insurance benefits to Plaintiff, Larry Stapleton, arising from injuries suffered from the incident subject of this Complaint.

4.  Defendant, Humana Health Care Plan, Inc. ("Humana"), is an insurance company authorized to transact business, in the state of Ohio, that provides health insurance policies to its customers, including with Plaintiff, Larry Stapleton. Defendant, Humana, has provided and/or will provide health insurance benefits to Plaintiff, Larry Stapleton. Accordingly, Defendant, Humana, has and/or may have a subrogation interest in this matter.

5.  Defendant, Molina Healthcare of Ohio, Inc. ("Molina"), is an insurance company authorized to transact business, in the state of Ohio, that provides health insurance policies to its customers, including with Plaintiff, Larry Stapleton. Defendant, Molina, has provided and/or will

provide health insurance benefits to Plaintiff, Larry Stapleton. Accordingly, Defendant, Molina, has and/or may have a subrogation interest in this matter.

## II. JURISDICTION AND VENUE

**6.** This Court has jurisdiction over personal injury/premises liability matters, which occur in Butler County, Ohio.

**7.** Venue is properly invoked in this county, as all of the events which form the basis of this Complaint, occurred within Butler County, Ohio. Defendant, Wal-Mart Stores East, Inc., conducts substantial business within Butler County, Ohio and Defendant, Medicaid, conducts substantial business within Butler County, Ohio.

### COUNT I: NEGLIGENCE

**8.** Plaintiff, Larry Stapleton, restates and incorporates by reference the allegations contained in Paragraphs One through Seven (1-7), as though fully rewritten herein.

**9.** On or about August 1, 2021, Plaintiff, Larry Stapleton, was a lawful business invitee at the Wal-Mart Supercenter located at 2900 Towne Boulevard in Middletown, Butler County, Ohio 45044.

**10.** While he was entering the store, Plaintiff, Larry Stapleton, turned and fell into a hole in the concrete walkway, causing serious injuries to, *inter alia.,* his left leg and lower back, some or all of which are reasonably believed to be permanent in nature.

**11.** Defendant, Wal-Mart Stores East, Inc., did not take any reasonable precautions to **(a)** provide reasonable warning to its business invitees and/or **(b)** to repair the hole in the concrete, or **(c)** to avoid subjecting its business invitees to an unreasonable risk of injury.

**12.** Defendant, Wal-Mart Stores East, Inc., should have anticipated the reasonable likelihood of its customers falling into the hole in the concrete.

**13.** The type of injuries suffered by the Plaintiff, Larry Stapleton, were not so unexpected that supervision could not have prevented it. The hole in the concrete created a substantial risk of injury to Wal-Mart customers.

**14.** Accordingly, the duty of Defendant, Wal-Mart Stores East, Inc., to repair defects such as the hole in the ground near the entryway, and to protect its invitees from mishap was breached when it did not properly supervise and control its employees whose responsibility it was to maintain the area.

**15.** As a result of the negligence and/or gross negligence of the Defendant, Wal-Mart Stores East, Inc., Plaintiff, Larry Stapleton, suffered serious injuries, *inter alia.,* to his left leg, shoulder, and his lower back, some or all of which are reasonably believed to be permanent in nature; incurred reasonable and necessary hospital and medical expenses and reasonably expects to incur such expenses in the future; suffered severe pain and suffering and reasonably expected to endure pain and suffering in the future; incurred wage loss and/or loss of earning capacity and reasonably expects to incur such losses in the future; and suffered loss of enjoyment of life and reasonably expects to suffer loss of enjoyment of life in the future.

**16.** Accordingly, Plaintiff, Larry Stapleton, is entitled to judgment against Defendant, Wal-Mart Stores East, Inc., in an amount yet to be determined, but in excess of Twenty-Five Thousand ($25,000.00) Dollars as and for compensatory damages.

**17.** To the extent the actions of the Defendant, Wal-Mart Stores East, Inc., were done willfully, wantonly, and/or with conscious disregard for the welfare of the Plaintiff, Larry

Stapleton, Plaintiff is entitled to an award of punitive damages, in an amount yet to be determined, but in excess of Twenty-Five thousand ($25,000.00) dollars.

## COUNT II: NEGLIGENT MAINTENANCE

18. Plaintiff, Larry Stapleton, restates and incorporates by reference the allegations contained in Paragraphs One through Seventeen, (1-17), with the same force and effect as though fully rewritten herein.

19. Defendant, Wal-Mart Stores East, Inc., had a statutory duty to maintain the entryway of its Supercenter and keep it in a reasonably safe condition, which included, inter alia., making reasonable inspections of the area and the elimination of unreasonable hazards for their business invitees.

20. Defendant, Wal-Mart Stores East, Inc., breached its duties owed to the Plaintiff by carelessly and/or recklessly and/or intentionally creating and/or failing to eliminate the hole in the concrete, and/or by failing to supervise the maintenance of the entryway to the store, and/or by committing other negligent acts or omissions, in failing to maintain the store's entryway and keep it in a reasonably safe condition.

21. As a result of the negligent maintenance practices of the Defendant, Wal-Mart Stores East, Inc., Plaintiff suffered serious injuries, including to the left leg, shoulder, and lower back, some or all of which are reasonably believed to be permanent in nature; incurred reasonable and necessary hospital and medical expenses and reasonably expects to incur such expenses in the future; endured severe pain and suffering and reasonably expects to endure pain and suffering in the future; incurred wage loss and/or loss of earning capacity and reasonably expects to incur such

losses in the future; and suffered loss of enjoyment of life and reasonably expects to suffer loss of enjoyment of life in the future.

**22.** Accordingly, Plaintiff, Larry Stapleton, is entitled to judgment against Defendant, Wal-Mart Stores East, Inc., in an amount yet to be determined, but in excess of Twenty-Five thousand ($25,000.00) Dollars, as and for compensatory damages.

**23.** Further, to the extent the conduct of the Defendant, Wal-Mart Stores East, Inc., more fully set forth above, were reckless, gross, egregious, willful, wanton, and demonstrated a conscious disregard for the welfare of the Plaintiff, Larry Stapleton, then Plaintiff is entitled to judgment against Defendant, Wal-Mart Stores East, Inc., in an amount, yet to be determined by the trier of fact, but in excess of Twenty-Five Thousand ($25,000.00) Dollars, as and for punitive damages.

### COUNT III: NEGLIGENT SUPERVISION

**24.** Plaintiff, Larry Stapleton, restates and incorporates by reference the allegations contained in Paragraphs One through Twenty-Three, (1-23), with the same force and effect, as through fully rewritten herein.

**25.** Defendant, Wal-Mart Stores East, Inc., had a duty to provide a reasonably safe shopping environment for Wal-Mart customers.

**26.** Certain employees, agents, servants, and/or independent contractors of Defendant, Wal-Mart Stores East, Inc., were incompetent in their performance of their respective duties. Their incompetence included, *inter alia.,* being responsible for maintaining the safety of the floor near the store's entrance and **(a)** failing to do so with reasonable care, and/or **(b)** attempting to do so in

a negligent manner, and/or **(c)** failing to give proper warnings of the risk of falling into the hole, and/or **(d)** failing to take reasonable measures to repair the hazard in the entryway.

**27.** Defendant, Wal-Mart Stores East, Inc., had actual knowledge and/or constructive knowledge of the incompetence of its respective employees, agents, servants and/or independent contractors.

**28.** As a direct and proximate result of the negligent supervision by Defendant, Wal-Mart Stores East, Inc., Plaintiff, Larry Stapleton, suffered serious injuries including, *inter alia.*, to his left leg and lower back, some or all of which are reasonably believed to be permanent in nature; incurred reasonable and necessary hospital and medical expenses and reasonably expects to incur such expenses in the future; suffered severe pain and suffering and reasonably expected to endure pain and suffering in the future; incurred wage loss and/or loss of earning capacity and reasonably expects to incur such losses in the future; and suffered loss of enjoyment of life and reasonably expects to suffer loss of enjoyment of life in the future.

**29.** Accordingly, Plaintiff, Larry Stapleton, is entitled to judgment against Defendant Wal-Mart Stores East, Inc., in an amount yet to be determined, but in excess of Twenty-Five Thousand ($25,000.00) Dollars, as and for compensatory damages.

**30.** To the extent, the actions of the Defendant, Wal-Mart Stores East, Inc., were done willfully, wantonly, and/or with conscious disregard for the welfare of the Plaintiff, Larry Stapleton, then Plaintiff is entitled to an award of punitive damages, in an amount yet to be determined, but in excess of Twenty-Five thousand ($25,000.00) dollars.

### COUNT IV: NEGLIGENT HIRING AND RETENTION

31. Plaintiff, Larry Stapleton, restates and incorporates by reference the allegations contained in Paragraphs One through Thirty (1-30), with the same force and effect, as through fully rewritten herein.

32. Defendant, Wal-Mart Stores East, Inc., had a duty to hire reasonably competent employees, and/or agents to provide a reasonably safe shopping environment for Wal-Mart customers.

33. Certain employees, agents, servants, and/or independent contractors of Defendant, Wal-Mart Stores East, Inc., were incompetent in their performance of their respective duties. Their incompetence included, *inter alia.,* being responsible for maintaining the safety of the floor near the store's entrance and **(a)** failing to do so with reasonable care, and/or **(b)** attempting to do so in a negligent manner, and/or **(c)** failing to give proper warnings of the risk of falling into the hole, and/or **(d)** failing to take reasonable measures to repair the hazard in the entryway.

34. Defendant, Wal-Mart Stores East, Inc., had actual knowledge and/or constructive knowledge of the incompetence of its respective employees, agents, servants, and/or independent contractors.

35. As a direct and proximate result of the negligent hiring and retention practices of the Defendant, Wal-Mart Stores East, Inc., Plaintiff, Larry Stapleton, suffered serious injuries including, *inter alia.*, to his left leg, shoulder, and lower back, some or all of which are reasonably believed to be permanent in nature; incurred reasonable and necessary hospital and medical expenses and reasonably expects to incur such expenses in the future; suffered severe pain and suffering and reasonably expected to endure pain and suffering in the future; incurred wage loss

and/or loss of earning capacity and reasonably expects to incur such losses in the future; and suffered loss of enjoyment of life and reasonably expects to suffer loss of enjoyment of life in the future.

**36.** Accordingly, Plaintiff, Larry Stapleton, is entitled to judgment against Defendant, Wal-Mart Stores East, Inc., in an amount yet to be determined, but in excess of Twenty-Five Thousand ($25,000.00) Dollars as and for compensatory damages.

**37.** To the extent, the actions of the Defendant, Wal-Mart Stores East, Inc., were done willfully, wantonly, and/or with conscious disregard for the welfare of the Plaintiff, Larry Stapleton, then Plaintiff is entitled to an award of punitive damages, in an amount yet to be determined, but in excess of Twenty-Five thousand ($25,000.00) dollars.

## COUNT V: VICARIOUS LIABILITY

**38.** Plaintiff, Larry Stapleton, by and through counsel, restates and incorporates by reference the allegations contained in Paragraphs One through Thirty-Seven (1-37), as though fully rewritten herein.

**39.** At all times relevant herein, the conduct and actions taken by employees, agents, servants, and/or independent contractors of Defendant, Wal-Mart Stores East, Inc., as alleged herein, were done within the course and scope of their employment and/or agency and in furtherance of the business interests of Defendant, Wal-Mart Stores East, Inc.

**40.** Defendant, Wal-Mart Stores East, Inc. is liable for the negligent and careless acts of its employees and agents under the doctrines of **(a)** *Respondeat Superior*, **(b)** Agency by Estoppel, **(c)** the principles of the Master-Servant relationship, and/or **(d)** the principles of the Principal-Agent relationship, under Ohio law, and according to proof at trial.

### COUNT VI: DECLARATORY JUDGMENT – SUBROGATION
### [MEDICAID]

**41.** Plaintiff, Larry Stapleton, restates and re-alleges the allegations contained in Paragraphs One through Forty (1-40), with the same force and effect, as if fully rewritten herein.

**42.** Defendant, Medicaid, provided and/or will provide health insurance benefits to Plaintiff, Larry Stapleton, arising from the incident subject of this Complaint.

**43.** Pursuant to the health insurance contract and/or applicable law, Defendant, Medicaid is or may be subrogated to a portion of Plaintiff's claims against Defendant, Wal-Mart Stores East, Inc., and should be required to assert its interests or otherwise be forever barred from doing so as to any party herein.

**44.** Plaintiff, Larry Stapleton, demands that Defendant, Medicaid, be required to assert any interest said Defendant may have in the instant matter in a sum certain, and, upon failing to do so, be forever barred from any further action to collect or enforce its alleged subrogation lien.

### COUNT VII: DECLARATORY JUDGMENT-SUBROGATION
### [Humana]

**45.** Plaintiff, Larry Stapleton, restates the allegations contained in Paragraphs One through Forty-Four, (1-44), with the same force and effect, as though fully rewritten herein.

**46.** As a result of the above-described accident, and pursuant to the insurance policy held with it, Defendant, Humana, should pay, did pay, or may have paid some of Plaintiff's medical bills from the instant accident.

**47.** Pursuant to the terms of said policy, the Defendant, Humana, is or may be subrogated to a portion of the Plaintiff's claim against Defendant, Wal-Mart Stores East, Inc., and should be required to assert its interests or otherwise be forever barred from doing so as to any party hereto.

**48.** The Plaintiff demands that the Defendant, Humana, assert any interest said Defendant may have in the instant manner or otherwise be forever barred from doing so.

### COUNT VIII: DECLARATORY JUDGMENT-SUBROGATION
### [Molina]

**49.** Plaintiff, Larry Stapleton, restates the allegations contained in Paragraphs One through Forty-Eight, (1-48), with the same force and effect, as though fully rewritten herein.

**50.** As a result of the above-described accident, and pursuant to the insurance policy held with it, Defendant, Molina, should pay, did pay, or may have paid some of Plaintiff's medical bills from the instant accident.

**51.** Pursuant to the terms of said policy, the Defendant, Molina, is or may be subrogated to a portion of the Plaintiff's claim against Defendant, Wal-Mart Stores East, Inc., and should be required to assert its interests or otherwise be forever barred from doing so as to any party hereto.

**52.** The Plaintiff demands that the Defendant, Molina, assert any interest said Defendant may have in the instant manner or otherwise be forever barred from doing so.

### Relief Requested

**WHEREFORE,** Plaintiff, Larry Stapleton, by and through counsel demands the following relief:

**A.** Plaintiff, Larry Stapleton, demands judgment be entered, against the Defendant, Wal-Mart Stores East, Inc., in an amount yet to be determined, but in excess of Twenty-Five Thousand ($25,000.00) Dollars, as and for compensatory damages;

**B.** Plaintiff requests an award of punitive damages, be entered, against the Defendant, Wal-Mart Stores East, Inc., in an amount yet to be determined, but in excess of Twenty-Five Thousand ($25,000.00) Dollars, as and for punitive damages;

  **C.**  Plaintiff, Larry Stapleton, demands that this Court order Defendant, Ohio Department of Medicaid, to assert its alleged subrogation interest in this litigation in a sum certain, and, upon failing to do so, be forever barred from any further action to collect or enforce its alleged subrogation lien, against any party herein;

  **E.**  Plaintiff, Larry Stapleton, demands that this Court order Defendant, Humana, to assert its alleged subrogation interest in this litigation in a sum certain, and, upon failing to do so, be forever barred from any further action to collect or enforce its alleged subrogation lien, against any party herein;

  **F.**  Plaintiff, Larry Stapleton, demands that this Court order Defendant, Molina, to assert its alleged subrogation interest in this litigation in a sum certain, and, upon failing to do so, be forever barred from any further action to collect or enforce its alleged subrogation lien, against any party herein; and

  **E.**  Plaintiff, Larry Stapleton, prays for all further additional relief, to which he may be entitled at law and/or equity, including pre-judgment interest, post-judgment interest, an award of costs incurred herein and a reasonable award of attorney's fees, if appropriate.

            Respectfully Submitted,

            ***/s/ Amanda R. Price, Esq.***
            Amanda Rieger Price, Esq. [0089485]
            Trial Attorney for Plaintiff, Larry Stapleton
            Law Offices of Blake R. Maislin, LLC
            Maislin Professional Center
            2260 Francis Lane
            Cincinnati, Ohio 45206
            Telephone: (513) 444-4444, Ext. 110
            Facsimile: (513) 721-5557
            E-mail: aprice@maislinlaw.com

## INSTRUCTIONS TO CLERK

Please issue Summons and serve Summons and Complaint upon the named Defendants, as indicated in the caption, via Certified U.S. Mail Service, Return Receipt Requested. Should service be returned as "UNCLAIMED, then please re-issue service to that Defendant, via regular U.S. Mail Service, postage prepaid.

/s/ *Amanda R. Price, Esq.*
Amanda Rieger Price, Esq. [0089485]
Trial Attorney for Plaintiff, Larry Stapleton
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
Telephone: (513) 444-4444, Ext. 110
Facsimile: (513) 721-5557
E-mail: aprice@maislinlaw.com

Page 13 of 13